## TODD ET AL. v. MILLS.

[No. 6,712. Filed March 9, 1910.]

1. JURY.—Verdict.—Equitable and Legal Issues.—Set-Off.—Where a case involving both legal and equitable issues is submitted without objection to the jury for trial, the verdict is binding upon all parties until properly set aside, and the judge has no right to adjudge that a right of set-off exists, where the verdict is silent thereon. p. 473.

2. APPEAL.—Reversal.—Parties.—The Appellate Court, where justice requires, may reverse a judgment as to all parties, though some are not requesting such reversal. p. 474.

From Huntington Circuit Court; Samuel E. Cook, Judge.

Suit by Walter G. Todd against Timothy L. Mills, George M. Todd being impleaded. From the judgment, plaintiff and another appeal. Reversed.

J. B. Kenner and Sumner Kenner, for appellants.

T. G. Smith and C. W. Watkins, for appellee.

RABB, P. J.—Appellee executed a note, secured by mortgage on chattel property, to appellant George M. Todd. This note, after its maturity, was duly assigned, by indorsement, by the payee to appellant Walter G. Todd, who brought this suit in the court below against appellee to recover on the note and to foreclose the mortgage. Appellee

appeared and filed his petition therein, praying that appellant George M. Todd be made a party defendant, and over appellant Walter G. Todd's objection, the prayer of the petition was granted, and George M. Todd was made a party defendant and brought into court by a summons duly issued. Appellee then filed his answer to the complaint in three paragraphs: (1) A general denial; (2) payment; (3) by way of set-off, setting up an indebtedness alleged to be due and owing to appellee from the payee of the note at the time the same was assigned to appellant Walter G. Todd. Said appellant's demurrer to the second and third paragraphs of answer was overruled, and a reply in denial filed to said affirmative paragraphs of answer. Appellee then filed what he denominates a cross-complaint, addressed solely to appellant George M. Todd, which cross-complaint sets up an account alleged to be due and owing to appellee from said George M. Todd, consisting apparently of the same items of indebtedness that appear in appellee's set-off filed in his answer to the complaint. No motion to strike this pleading from the files was made or exception of any kind was taken to it by appellant Walter G. Todd. Appellant George M. Todd filed his demurrer to this cross-complaint for want of facts, which, being overruled, he answered by general denial. All of the issues thus formed were, without objection or exception of any kind by any of the parties thereto, submitted to a jury for trial, precisely as though all of the issues in the case were properly triable by jury.

The jury returned two verdicts, one reading as follows, after giving the title of the cause: "We, the jury in the above-entitled cause, find for plaintiff Walter G. Todd, as against defendant Timothy L. Mills, and assess plaintiff's damages and recovery in the sum of $146.83;" the other reading: "We, the jury in the above-entitled cause, find for defendant Timothy L. Mills, on his cross-complaint, as against the coplaintiff George M. Todd, and we assess de-

fendant's damages and recovery in the sum of $164.75.'' Without objection from any one, both verdicts were received by the court, and the jury discharged.  It thus appears that the issues in two separate and distinct causes of action between different parties were, at the same time, submitted to the jury for trial and determination, and that, as the necessities of the case required, it rendered two separate and distinct verdicts: one in favor of plaintiff, determining all of the issues made on the complaint, the defendant's answer of general denial, payment and set-off, and the reply thereto of appellant Walter G. Todd, and one in favor of appellee, against appellant George M. Todd, determining all the issues made on appellee's cross-complaint against George M. Todd, and his answer thereto.

Upon the motion of appellee for a judgment in his favor on the verdict of the jury, the court, over the objection and exception of appellant Walter G. Todd, made and entered the following order:  ''The court finds in favor of plaintiff against defendant Mills on the note and mortgage sued upon, in the sum of $146.83; and the court also finds in favor of defendant Mills, as against George M. Todd, the assignor of Walter G. Todd, on the note and mortgage sued on, in the sum of $146.83, and that this sum should be set off against the sum found due plaintiff, and the court finds in favor of defendant Mills, against George Todd, the overplus of $17.92.  *  *  *  It is therefore ordered, adjudged and decreed by the court that the judgment in favor of plaintiff, and the judgment in favor of Mills as against George M. Todd, the assignor of Walter G. Todd, in the sum of $146.83, be set off against each other.''

This action of the court, it is insisted by appellee, can properly be upheld, on the ground that plaintiff's suit, being one to foreclose a chattel mortgage, and of equitable
1.  cognizance, the verdicts returned by the jury are to be treated as merely advisory, and the court had the right to ignore the verdict, and make a finding upon the

issue, and that this was the course pursued by the court as indicated by the record. This position is not tenable: (1) The issues presented by the pleadings are not all of equitable cognizance. Some of them are and some of them are not. Those arising on appellee's answer of set-off, and on his complaint against appellant George M. Todd, are purely issues of law, properly triable by the jury; and all of the issues were, without question on the part of any one, submitted together for trial to the jury, precisely as though they were all of strictly legal cognizance. The parties took their chances to win or lose before the jury, and they cannot, after the verdict has been returned, question the right and authority of the jury to decide the questions thus submitted. The court and all the parties are bound by the submission thus made, and if the verdict were right, appellant Walter G. Todd was clearly entitled to a judgment thereon for the amount found in his favor against appellee. If, under the evidence, appellee was entitled to the set-off allowed him by the court against Walter G. Todd, then the verdict of the jury was wrong, because his right to such set-off was one of the issues submitted to the jury and determined against appellee, and appellee's right to the set-off was a question of fact, proper for the determination of the jury, not one of law for the court. The determination of the jury upon that question was conclusive upon all the parties until set aside on a proper order duly made by the court.

The order of the court making the set-off in question, as against appellant Walter G. Todd, was error, and requires the reversal of the judgment as to him, and, without

2. considering other questions raised by appellant George M. Todd, we think the interest of justice will best be subserved by a reversal of the judgment as to all parties.

Judgment reversed and a new trial ordered.